Kavita PURI, Plaintiff,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
Defendant.

**Civil No. 3:10–cv–00118 (PCD).**

United States District Court,
D. Connecticut.

May 12, 2011.

Justin C. Frankel, Frankel & Newfield, P.C., Garden City, NY, Scott M. Riemer, Riemer & Associates, LLC, New York, NY, for Plaintiff.

Michael H. Bernstein, Sedgwick, Detert, Moran & Arnold, LLP, New York, NY, for Defendant.

### *RULING ON MOTION TO COMPEL*

PETER C. DORSEY, District Judge.

Plaintiff moves, pursuant to Fed. R.Civ.P. 37(a), for an order to compel the deposition of Susan Barnett. Defendant opposes Plaintiff's motion. For the reasons set forth herein, Plaintiff's Motion to Compel [Doc. No. 32] is **granted.**

## I. BACKGROUND

Plaintiff commenced this action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and alleges that Defendant wrongfully denied her long term disability benefits under the Wildman, Harold, Allen & Dixon LLP Group Long Term Disability Policy (the "Plan"). Plaintiff claims that the decision to discontinue long term disability benefits was based on a flawed Occupational Analysis and a failure to review and properly consider Plaintiff's medical record. (Compl. ¶ 56.) Plaintiff further alleges that because Defendant is both liable for benefit payments to Plaintiff and such payments deplete its assets, Defendant has an inherent and structural conflict of interest and that this conflict caused Defendant to breach its fiduciary duty to Plaintiff by placing its own financial interest in reducing expenditures over

Plaintiff's interest in receiving disability benefits. (Compl. ¶ 89, 138.)

The instant motion concerns Plaintiff's request to depose Susan Barnett, a Rehabilitation Clinical Case Manager for Defendant. Ms. Barnett prepared the Occupational Analysis that Defendant used in its determination to terminate Plaintiff's long term disability benefits. Plaintiff alleges that Ms. Barnett's testimony is relevant to exposing Defendant's conflict of interest because it will reveal whether Ms. Barnett had an incentive to recommend termination of benefits when completing the Occupational Analysis used in Plaintiff's claim. Defendant opposes the deposition of Ms. Barnett on relevancy grounds as she was not a decision maker and her involvement in the termination of Plaintiff's benefits was limited to the preparation of the Occupational Analysis. Defendant also argues that Ms. Barnett's Occupational Analysis should not be subject to conflict of interest discovery because it was not part of the administrative record. (Def.'s Opp. to Mot. to Compel at 3).

## III.  STANDARD OF REVIEW

■ When an ERISA plan grants the administrator discretionary authority to determine eligibility for benefits, the district court must review a denial of benefits under the deferential "arbitrary and capricious" standard. *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir.2008).

## II.  ANALYSIS

■ Generally, a court's review of an ERISA claim under the arbitrary and capricious standard is limited to evidence in the administrative record, but the court does have discretion to admit evidence outside the record upon a showing of "good cause." *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir.2008); *Locher v. UNUM Life Insurance Co. of Am.*, 389 F.3d 288, 293–94 (2d Cir.2004). It

follows that if a court has the discretion to admit materials outside the administrative record upon a showing of "good cause," then the court must also have the discretion to permit discovery of such materials. Rule 26(b)(1) states that "[u]nless otherwise limited by court order ... Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...." Fed. R. Civ.P. 26(b)(1). If "good cause" exists to admit certain evidence outside the administrative record, then that evidence must have also been relevant and therefore subject to discovery. In other words, a plaintiff is entitled to seek discovery by deposition or otherwise if she can demonstrate a good reason why evidence thus obtained might later provide "good cause" for a court to admit evidence beyond the administrative record. *See Burgio v. Prudential Life Ins. Co. of America*, 253 F.R.D. 219, 235 (E.D.N.Y.2008); *Kruk v. Metropolitan Life Ins. Co., Inc.*, No. 3:07–CV–01533, 2009 WL 1481543, at *3 (D.Conn. May 26, 2009).

■ To support her motion to compel deposition discovery, Plaintiff argues that the review of her long term benefits claim was colored by the Defendant's conflict of interest and that the conflict of interest provides "good cause" for this Court to consider evidence beyond the administrative record. Plaintiff is correct that "good cause" to supplement the record may exist when the plan administrator has a conflict of interest. *Locher*, 389 F.3d at 294. A conflict of interest does not change the court's deferential standard of review but must be weighed as a factor in determining whether there was an abuse of discretion. *McCauley*, 551 F.3d at 133. In cases like this where the plan administrator both evaluates and pays benefits claims, the Supreme Court has held that the administrator operates under a conflict

of interest. *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 114, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). This type of structural conflict of interest does not *per se* constitute "good cause" to consider evidence outside the administrative record, but it can rise to the level of "good cause" when bolstered by specific allegations. *See Locher*, 389 F.3d at 294; *Kruk*, 2009 WL 1481543 at *7. Thus, if Plaintiff raises a colorable allegation that Defendant's decision to terminate her benefits was tainted by a conflict of interest, she is entitled to conduct discovery on that issue beyond the administrative record.

To demonstrate Defendant's conflict of interest, Plaintiff related the substantial sum of money Defendant stood to save by terminating Puri's benefits. Plaintiff has also provided specific allegations that Ms. Barnett "approached her review with a pre-conceived bias to issue a report supportive of the termination of Puri's claim." (Pl.'s Reply to Mot. to Compel at 3). Plaintiff contends that as an RCCM, Ms. Barnett's objective is to assist claimants to return to work because a return to work financially benefits Defendant. Plaintiff has submitted performance evaluations from other RCCMs working for Defendant, which highlight the positive feedback RCCMs receive for returning a claimant to work and thereby providing cost savings for Defendant.[1] (Pl.'s Mot. to Compel, Ex. D). Plaintiff argues that the performance evaluations demonstrate the incentive RCCMs have to facilitate cost-saving measures and therefore the incentive Ms. Barnett had to recommend termination when completing the Occupational Analysis in Plaintiff's claim. Plaintiff believes Ms. Barnett's bias was apparent in the Occupational Analysis because she failed to 1) specifically identify the DOT code relating to Attorney that applied to Plaintiff; 2) properly assess Plaintiff's specific job duties; or 3) consider Plaintiff's cognitive deficits.

While Plaintiff has not yet established "good cause," she has raised a colorable argument sufficient to allow her to investigate whether such a showing could be made at trial. Therefore, Plaintiff will be permitted to depose Ms. Barnett, but she must limit her inquiry to whether or not her Occupational Analysis was affected by a conflict of interest.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel [Doc. No.] is **granted.**

SO ORDERED.

---

1. Defendant claims "good cause" for discovery outside the administrative record must be shown based on documents in the administrative record, (Def. Opp. at 6); however a review of the cases provided by Defendant to support this claim reveals that they do not support the proposition for which they are cited.

2. Defendant also argues that Ms. Barnett's deposition is irrelevant, and therefore not subject to discovery, because she was not a decision maker on Plaintiff's claim, but the mere fact that Ms. Barnett was not a decision make is not dispositive. Although Ms. Barnett was not in the position to make the ultimate decision to terminate Plaintiff's claim, the Occupational Analysis she provided was prepared for the purpose of evaluating Plaintiff's claim and was ultimately relied upon to support the decision to terminate Plaintiff's long-term disability benefits.